Joseph R. Manning, Jr., Esq. (State Bar No. 223381)
**MANNING LAW, APC**
20062 SW Birch Street, Ste. 200
Newport Beach, CA 92660
Office: (949) 200-8755
DisabilityRights@manninglawoffice.com

Attorneys for Plaintiff: ANTHONY BOUYER

Marc A. Collins, Esq. (SBN 136769)
*mcollins@collinskhan.com*
Azim Khanmohamed, Esq. (SBN 277717)
*akhan@collinskhan.com*
**COLLINS & KHAN, LLP**
3435 Wilshire Blvd., Ste. 2600
Los Angeles, CA 900102246
Tel: (323) 549-0700

Attorneys for Defendant: LASALLE DEVELOPMENT, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY BOUYER, an individual,<br><br>Plaintiff,<br><br>v.<br><br>LASALLE DEVELOPMENT, LLC, a California limited liability company; and DOES 1-10, inclusive,<br><br>Defendants. | **Case No**. 2:20-cv-03096-FMO-PLA<br><br>**JOINT RULE 26(f) REPORT**<br><br>**Date: August 20, 2020**<br>**Time: 10:00 a.m.**<br>**Hon. Fernando M. Olguin**<br><br>**Complaint Filed: April 2, 2020** |

1

NOW COME Plaintiff Anthony Bouyer ("Plaintiff") and Defendant Lasalle Development, LLC ("Defendant") (collectively referred to as "the Parties"), by and through the undersigned counsel and hereby respectfully submit the instant Joint Rule 26(f) Scheduling Report.

### a. Statement Of The Case

<u>Plaintiff's Statement:</u>

Plaintiff is an adult California resident. Plaintiff is substantially limited in performing one or more major life activities because he is paraplegic, including but not limited to: walking, standing, ambulating, and sitting. As a result of these disabilities, Plaintiff requires a wheelchair for mobility. With such disabilities, Plaintiff qualifies as a member of a protected class under the Americans with Disabilities Act, 42 U.S.C. §12102(2) as amended by the ADA Amendments Act of 2008 (P.L. 110-325) ("ADA") and the regulations implementing the ADA set forth at 28 C.F.R. §§ 36.101 et seq. At the time of Plaintiff's visits to Defendant's facility and prior to instituting this action, Plaintiff suffered from a "qualified disability" under the ADA, including those set forth in this paragraph. Plaintiff is also the holder of a Disabled Person Parking Placard.

Plaintiff personally visited Defendant's property, located at 13630 Foothill Blvd., Sylmar, CA 91342 (the "Property") and Alien Smoke Shop (the "Business") on March 20, 2020 but was denied full and equal access and full and equal enjoyment of the facilities, services, goods, and amenities located on the Property even though he would be classified as a "bona fide patron". Specifically, he desired to visit the Property and Business as a consumer, but instead encountered a built up curb ramp that projects from the sidewalk and into the access aisle (Section 406.5) and that is in excess of the maximum grade allowed by ADAAG specifications (Section 406.1).

Plaintiff alleges that Defendant violated Plaintiff's rights under the ADA and the Unruh Civil Rights Act. In addition to injunctive relief, Plaintiff seeks an award

of damages of not less than $4,000 per violation as well as deterrence damages arising out of Plaintiff's visit to the Subject Property and for reasonable attorneys' fees litigation expenses, and costs of suit, pursuant to California Civil Code § 52.

Defendant's Statement:

Defendant denies that it discriminated against Plaintiff in any way or that Plaintiff was damaged in any way. Defendant further contends that Plaintiff visited (or purports to have visited) the property solely for purposes of bringing this action and that Plaintiff has no intention of returning to the property as a consumer. Defendant denies that the barriers alleged by Plaintiff exist or that they constitute legal barriers to Plaintiff or otherwise under the ADA.

Defendant believes that the architectural barriers claimed have already been remediated and removed, so that the federal claim is moot. Defendant also believes that Plaintiff did not encounter any architectural barriers and that he is attempting to seek relief for barriers that are not associated with his particular disability or condition. In addition, Plaintiff did not give any notice to Defendant of any purported barriers or difficulties he encountered and visited the property for the sole purpose of increasing his purported damages and attorney's fees. As a result, Plaintiff failed to mitigate his claimed damages.

### b. Subject Matter Jurisdiction

Plaintiff: This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 12181 as Plaintiff's claims arise under Title III of the ADA, 42 U.S.C. § 12181, *et seq.*, and 28 U.S.C. § 1332. The Court may exercise supplemental jurisdiction over Plaintiff's related state law claims pursuant to 28 U.S.C. § 1367, because Plaintiff's UCRA claims are so related to Plaintiff's federal ADA claims, they form part of the same case or controversy under Article III of the United States Constitution.

Defendant: Defendant does not believe the Court has subject matter

jurisdiction over this matter, or any supplemental jurisdiction. Plaintiff did not suffer any harm. To the extent any barriers were present at the property, they have been remediated or removed.

### c. Legal Issues

Plaintiff: The principal legal issues are: (1) whether the Defendant is responsible under the law to remove/ remediate barriers; (2) whether the Plaintiff has standing to seek either damages or injunctive relief; (3) whether Plaintiff was denied equal access to the Property and; (4) the nature and extent of Plaintiff's damages.

Defendant: The principal legal issues are: (1) whether the alleged barriers exist; (2) whether the Defendant is responsible under the law to remove barriers; (3) whether the Plaintiff has standing to seek either damages or injunctive relief; (4) whether the alleged barriers are readily achievable to remove;  (5) the nature and extent of damages; (6) whether Plaintiff mitigated his damages; and (7) whether Plaintiff's claims are moot.

### d. Parties, Evidence, Etc.

Plaintiff: Plaintiff anticipates no additional parties. Plaintiff anticipates one expert witness as to accessibility. Plaintiff anticipates using an inspection report of Defendant's Property as a key document.

Defendant: Defendant does not anticipate the addition of any parties. Defendant will have one expert witness coupled with a CASp Inspection Report.

### e. Insurance

The Parties are unaware of insurance coverage applicable to this action.

### f. Magistrate Judge

Plaintiff: Plaintiff does not consent to a magistrate judge.

Defendant: Defendant does not consent to a magistrate judge.

### g. Discovery

Plaintiff:  Based on a proposed trial date of August 25, 2021, Plaintiff proposes the following:

Initial Disclosures: The Parties shall exchange initial disclosures on or before August 20, 2020.

Discovery cut-off: three months prior to trial, or May 24, 2021.

Expert witness disclosure: six months prior to trial, or February 24, 2021.

Expert witness rebuttal disclosure: five months prior to trial, or March 22, 2021.

Defendant:  Defendant consents to the dates proposed by Plaintiff above.

### h. Motions

Plaintiff:  Plaintiff intends to conduct an expert led site inspection to identify each barrier that would affect his type of disability and, then if applicable, amend the complaint to ensure that the ADA claim reflects his intention to have all unlawful barriers removed or remediated. This is the two-step process permitted and required by *Doran v. 7-Eleven Inc.*, (9th Cir. 2008) 524 F.3d 1034 and *Chapman v. Pier 1Imports (US) Inc.*, 631 F.3d 939 (9th Cir. 2011).

Defendant: Defendant has no pending motions, but anticipates filing a motion for summary judgment, and reserves the right to file additional motions as necessary, following appropriate discovery.

### i. Class Certification

Inapplicable.

### j. Dispositive Motions

<u>Plaintiff:</u>   Plaintiff proposes that dispositive motions be heard two months prior to trial, or June 21, 2021.

Plaintiff anticipates filing a motion for partial summary judgment on the issue of duty and liability under the ADA and the Unruh Civil Rights Act. This will happen after the necessary depositions and inspection are taken in this case.

<u>Defendant:</u> Defendant has no pending motions, but anticipates filing a motion for summary judgment, and reserves the right to file additional motions as necessary, following appropriate discovery.

### k. Settlement/Alternative Dispute Resolution (ADR

<u>Plaintiff:</u>  The Parties are currently engaged in settlement negotiations.  If the Parties are unable to resolve this dispute informally, Plaintiff proposes ADR Procedure No. 2 (Court Mediation Panel) under Local Rule 16-15.4.

<u>Defendant:</u>  If the Parties are unable to resolve this dispute informally, Defendant also proposes ADR Procedure No. 2 (Court Mediation Panel) under Local Rule 16-15.4.

### l. Pretrial Conference and Trial

<u>Plaintiff:</u>  Plaintiff proposes having trial in this matter set for August 21, 2021. Plaintiff proposes having the Pretrial Conference two weeks prior to the trial date.

<u>Defendant:  Defendant consents to the proposal for trial and Pretrial Conference provided by Plaintiff.</u>

### m. Trial Estimate

<u>Plaintiff:</u>  Plaintiff estimates that trial should last three to five days.  Plaintiff expects to call three witnesses.

<u>Defendant:</u>   Defendant estimates that trial should last no more than 1 to 2

days. Defendant expects to call two witnesses.

**n. Trial Counsel**

<u>Plaintiff:</u>  Trial counsel for Plaintiff shall be Joseph R. Manning, Jr, Craig G. Côté and Osman M. Taher.

<u>Defendant</u>:  Trial counsel for Defendant are Marc A. Collins and Azim Khanmohamed.

**o. Independent Expert or Master**

The Parties agree that an independent expert of master is not necessary.

**p. Other Issues**

None at this time.

Dated: August 5, 2020              **MANNING LAW, APC**

                                   By:  /s/ *Joseph R. Manning Jr., Esq.*
                                        Joseph R. Manning Jr., Esq.
                                        Attorneys for Plaintiff


Dated: August 5, 2020              **COLLINS AND KHAN, LLP**

                                   By:  /s/ _____
                                         Marc A. Collins
                                         Azim Khanmohamed
                                         Attorneys for Defendant
                                         LASALLE DEVELOPMENT, LLC

## **Certification Pursuant to Local Rule 5-4.3.4(a)(2)(i)**

Pursuant to Local Rule 5-4.3.4(a)(2)(i), I, Joseph R. Manning, Jr., hereby do attest that all signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

Dated: August 5, 2020  **MANNING LAW, APC**

By: /s/ *Joseph R. Manning Jr., Esq.*
   Joseph R. Manning Jr., Esq.
   Attorneys for Plaintiff